UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES DURY,<br><br>      Petitioner,<br><br>  v.<br><br>PAUL COPENHAVER, Warden,<br><br>      Respondent. | Case No.: 1:12-cv-01809-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

     Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The instant petition was filed on November 5, 2012.  (Doc. 1). The petition indicates that on September 4, 2008 and August 25, 2009, Petitioner was sentenced for a conviction or convictions in the United States District Court for the Western District of North Carolina for unspecified crimes and given an unspecified sentence, which he is presently serving at the United States Penitentiary, Atwater, California.  (Doc. 1, p. 1).

**DISCUSSION**

     Petitioner now brings this habeas petition, challenging the conditions of his confinement, alleging that (1) he is being denied his Eighth Amendment privilege against cruel and unusual punishment because employees of the Bureau of Prisons ("BOP") have confined him in a high-security prison despite having a lower custody classification and BOP staff have falsely told inmates that Petitioner is a child molester; (2) BOP staff have "ordered" Petitioner to recant Islam as his

1

1  chosen religion in violation of the First Amendment; and (3) Petitioner's Eighth Amendment rights are
2  being violated by being placed in a 24-hour lockdown environment, allegedly for his own safety.
3  (Doc. 1, pp. 7-8). From the foregoing, it is apparent that Petitioner does not challenge the fact or
4  duration of his confinement, nor is he challenging the actual manner of execution of his sentence.
5  Rather, Petitioner challenges the conditions of his confinement, i.e., the custody level, 24-hour
6  lockdown, and statements made against him by prison staff.
7         Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper
8  mechanism for a prisoner seeking to challenge the conditions of his confinement. See Bivens v. Six
9  Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971); see
10 also, e.g., Burnette v. Smith, 2009 WL 667199 at *1 (E. D. Cal. Mar. 13, 2009)(petitioner's
11 confinement in segregated unit for security purposes and prison's refusal to transfer petitioner should
12 be raised as Bivens action, not as § 2241 habeas action); Nostratis v. Sugrue, 2009 WL 462732 at *1
13 (E.D. Cal. Feb. 23, 2009)(petitioner's claim that he should be transferred to another facility should be
14 raised in Bivens action, not a § 2241 habeas proceeding); Christian v. Deboo, 2007 WL 470587 at *1
15 (E.D. Cal. Feb. 9, 2007)(petitioner's claim that prison had refused to transfer him to another facility
16 should be brought as Bivens action, not § 2241 proceeding); Evans v. U.S. Pentitentiary, 2007 WL
17 4212339 at *1 (E.D. Cal. Nov. 27, 2007)(petitioner is not entitled to habeas relief under § 2241
18 because his claims regarding a recent transfer and inadequate medical care concern conditions of his
19 confinement); Blow v. Bureau of Prisons, 2007 WL 2403561 at *1 (E.D. Cal. Aug. 20, 2007)(habeas
20 relief under § 2241 does not extend to petitioner's requests for transfer to another facility and access to
21 law library because they concern conditions of his confinement); Wilson v. Wrigley, 2007 WL
22 1378024 at *2 (E.D. Cal. May 10, 2007)(petitioner is not entitled to habeas corpus relief under § 2241
23 because his request to be transferred to another institution does not impact the duration of his
24 confinement).
25         Such district court decisions are consistent with case law from the Ninth Circuit as well as
26 other circuit courts of appeals. See e.g., Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir.
27 1979)(upholding dismissal of petition challenging conditions of confinement, the Ninth Circuit noted
28 that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement.");

Blum v. Floyd, 1997 WL 599370 at *1 (Sept. 22, 1997 9th Cir. Ariz.)(petitioner's claim of retaliatory transfer by prison officials is properly brought under Bivens rather than § 2241); Glaus v. Anderson, 408 F.3d 382, 387-388 (7th Cir. 2005)(following U.S. Supreme Court holding in Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995), that restrictions on housing or movement within prison are generally not cognizable in habeas unless they impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life);  Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001), *vacated on other grounds* by Boyce v. Ashcroft, 268 F.3d 953 (10th Cir. 2001)("[P]risoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must petition for a writ of habeas corpus;" however those "who raise constitutional challenges to other prison decisions-including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed under Section 1983 or Bivens.").

Accordingly, Petitioner is not entitled to habeas corpus relief under § 2241 and this action must be dismissed without prejudice to Petitioner filing a Bivens civil rights action.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of this Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 20, 2012**          **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE